H. & J. GROSS, INC., Plaintiff and Respondent *v.* ROBERT
B. FRASER, JR., Defendant and Appellant.

No. 10310.

Submitted December 4, 1961. Decided January 18, 1962.

368 P.2d 163.

Ralph J. Anderson, argued orally, Helena, Stanley P. Soren-
son, Helena, for appellant.

Fred N. Dugan, argued orally, Billings, for respondent.

MR. JUSTICE CASTLES delivered the Opinion of the
Court.

This action was brought in the district court of the thirteenth
judicial district. The case was tried before the court sitting

without a jury, and judgment was rendered for the plaintiff, defendant appeals.

Plaintiff, a Pennsylvania corporation, brought this action to recover on a judgment obtained in Pennsylvania against the defendant under that state's Nonresident Motorist Act.

The defendant's sole contention in the court below was that the Pennsylvania court did not have jurisdiction to enter the judgment since neither a writ of summons nor a complaint were served upon him in accordance with Pennsylvania law.

The plaintiff alleged in its complaint that "Plaintiff commenced an action in said [Pennsylvania] Court by the filing of Complaint therein and the issuance of Summons thereon, which *Summons* was duly served * * * by mailing by registered mail to the Secretary of the Commonwealth of Pennsylvania a certified copy of *Plaintiff's Complaint* * * * and mailing to the above-named Defendant by registered mail at his residence address a true and attested copy of *Plaintiff's Complaint.*" Emphasis added.

This allegation in plaintiff's complaint has a patent ambiguity. It states, in effect, that a summons was served by the mailing of a complaint. Plaintiff admits this error and further admits that a *summons* was never served on the defendant in the Pennsylvania action.

Prior to the trial of this cause both sides gave notice that they intended to have the court take judicial notice of certain of the laws of the State of Pennsylvania. The defendant invited the court to take judicial notice of various Pennsylvania statutes relating to the writ of summons to support his contention that a writ of summons must be served on the defendant to give the court jurisdiction. At the end of the trial, and without prior *specific* notice, the plaintiff invited the court's attention to Rule No. 1009 of the Pennsylvania Rules, 12 P.S. Appendix, which authorizes the commencement of an action of this type by complaint *without* issuance or service of a writ of summons.

The first question presented on this appeal is whether the trial court could properly take judicial notice of the last mentioned Pennsylvania rule. Defendant urges that the trial court could not take judicial notice of this rule of a sister state since notice was not given in accordance with section 93-501-5, R.C.M.1947.

This state has adopted the uniform judicial notice of foreign law act. R.C.M.1947, § 93-501-2, provides:

"Every court of this state shall take judicial notice of the common law and statutes of every state, territory and other jurisdiction of the United States."

R.C.M.1947, § 93-501-5 provides:

"Any party may also present to the trial court any admissible evidence of such laws, but, to enable a party to offer evidence of the law in another jurisdiction or to ask that judicial notice be taken thereof, reasonable notice shall be given to the adverse parties either in the pleadings or otherwise".

The defendant relies on In re Stoian's Estate, 128 Mont. 52, 58, 269 P.2d 1085, 1088, wherein this court stated:

"If we are to assume, for the purposes of discussion that the findings in connection with the laws of Rumania, as were set forth in the Kennedy case, supra, [Kennedy's Estate, 106 Cal. App.2d 621, 235 P.2d 837] were in fact, the common law of that state, and if we were to further assume that the district judge had before him the citation of that case before he made his ruling in the instant case, nonetheless the rule is that before a litigant may invoke the benefits of such foreign law, he must give notice to the adverse party of his intention to do so before offering proof of such foreign law or before asking the court to take judicial notice thereof. R.C.M.1947, § 93-501-5; 31 C.J.S., Evidence, § 18, page 534. There is nothing in the record to suggest that any notice was given to the appellant, and under the circumstances it is altogether possible that the appellant may have been able to offer some proof contrary to the contention of the respondents and contrary to the findings

in the Kennedy case, and as a result the findings of the lower court in the instant case may have been decidedly different from those which we have before us."

· However, we find that the case at bar presents a different question than that raised in the Stoian case. In the instant case judicial notice was properly taken of the foreign law regarding the precise legal issue in controversy. It is clear from the record that the defendant invited the court to take judicial notice of certain Pennsylvania statutes to support his argument that a writ of summons must be served to gain jurisdiction over him. In the Stoian case there was no notice by either party that the court was to take judicial notice of foreign law.

The underlying principle of R.C.M.1947, § 93-501-5, as indicated in the Stoian case, is that notice must be given to the adverse party in order to allow such adverse party an opportunity to introduce evidence bearing on the construction of the foreign law.

The underlying principle of R.C.M.1947, § 93-501-5, as indicated in the Stoian case, is that notice must be given to the adverse party in order to allow such adverse party an opportunity to introduce evidence bearing on the construction of the foreign law.

In this case the defendant introduced a part of the Pennsylvania law relating to the service of a writ of summons. He can not now complain that lack of notice prevented the introduction of other parts of that foreign law. Once the door was opened by the defendant there was no longer a question of notice. At that point it became the duty of the court to find the correct foreign law.

If we were to accept defendant's argument it would mean that once a portion of the law of a sister state is properly brought to the court's attention, and it is uncontroverted by the adverse party, it becomes the binding law of the case, whether complete or incomplete, correct or incorrect.

This argument can not be reconciled with the meaning of

several of the sections of the uniform judicial notice of foreign law act. The sections referred to were commented on in the case of In re Hunter's Estate, 125 Mont. 315, 318, 236 P.2d 94, 96, where this court stated:

"We take judicial notice of the common law and statutes of California. R.C.M.1947, § 93-501-2. In order to inform ourselves of the California law we may not only call upon counsel, § 93-501-3, but may resort to 'appropriate books or documents,' § 93-501-1, and 'ascertain from all available data what the highest court of the state will probably hold the state law to be.' Chief Justice Stone in Helvering v. Stuart, 317 U.S. 154, 172, 63 S.Ct. 140, 149, 87 L.Ed. 154. Likewise the trial court took judicial notice of the California law and it is its determination of what that law is that is here reviewable. R.C.M.1947, § 93-501-4."

It is clear that the statutory plan is that once the court has been invited to take judicial notice of particular foreign law, then the court must make an independent determination as to what is the correct foreign law.

We therefore find that the lower court acted properly in considering the Pennsylvania rule which was the applicable law when the suit was brought in that state.

The remaining question is whether there was a failure of proof or variance when plaintiff alleged in his complaint that a summons was issued and served on defendant, when in fact there was no proof offered that a summons was ever served.

We have already noted that the plaintiff's allegation on this point was ambiguous. The complaint stated in effect that a summons was served by the mailing of a complaint. Plaintiff contends this error resulted from the inadvertent use of the word "summons" instead of the word "process."

In any event under the Pennsylvania law, discussed above, it is not necessary in that state to serve a writ of summons in order to gain jurisdiction over a party in this type of action.

Therefore, the allegation that a summons was served was immaterial and was surplusage. Nor do we find that defendant was misled by the allegation that a summons was served. Defendant set up an affirmative defense in his answer that attempts at the service of the *complaint* were unsuccessful and defective. The trial court found this issue in favor of the plaintiff. This was the primary issue at the trial, and defendant was in no way prejudiced by the erroneous allegation that a writ of summons was served.

For the foregoing reasons the judgment of the district court is affirmed.

MR. CHIEF JUSTICE JAMES T. HARRISON and MR. JUSTICES ADAIR, JOHN C. HARRISON and DOYLE concur.